IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LAWRENCE ISGRIGG,<br>        Plaintiff,<br>  vs.<br>CDC, et al.,<br>        Defendants. | No. C 06-07618 JW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, and inmate of Salinas Valley State Prison ("SVSP"), initiated a pro se civil rights action pursuant to 42 U.S.C. § 1983, by filing a letter to a judge of the Eastern District of California. The case was transferred to this court because SVSP is located within the venue of this district. Plaintiff was granted in forma pauperis status.

The Court dismissed the complaint with leave to amend, directing plaintiff to present his claims in a proper formal pleading in accordance with the federal and local rules. The Court provided plaintiff with the court's form for civil rights complaints for this purpose. Plaintiff was advised that the amended complaint

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.JW\CR.06\Isgrigg7618_dwlta-2.wpd

supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. On April 6, 2007, plaintiff filed an amended complaint which is now before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.JW\CR.06\Isgrigg7618_dwlta-2.wpd        2

1 complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th
2 Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal
3 guarantee safeguarding the interests that have been invaded. See Paul v. Davis, 424
4 U.S. 693, 697 (1976).

B. Claims

According to the complaint, plaintiff was found incompetent to stand trial in January 2006, and was placed in Atascadero State Hospital. On March 16, 2006, he was transferred to Salinas Valley State Prison ("SVSP") and placed in the administrative segregation unit ("ASU") rather than the Enhanced Outpatient Program ("EOP") due to enemy concerns. On March 23, 2006, plaintiff appeared before the Individual Classification Committee ("ICC"), which "put [plaintiff] up for transfer." Plaintiff does not state where ICC intended to transfer him. The transfer was denied in review with the stipulation that ICC evaluate how long before plaintiff would be transferred to the Department of Mental Health ("DMH"). Thereafter, plaintiff's confinement in ASU was repeatedly extended, once in April 2006 for 60-90 days and a second time after CCI Herrerra became the new counselor for Facility D, buildings 1 & 2. On March 16, 2007, plaintiff was placed in the infirmary for a sixth suicide attempt. Plaintiff seeks compensatory and punitive damages for the 365 days he was unlawfully confined in ASU. Plaintiff alleges that he suffered pain and suffering, as well as "immorality of personality [sic]," "deprobation [sic] of character," and "slander of [his] name." (Compl. 3-4.)

    a. Transfer

Liberally construed, to the extent plaintiff is alleging he was denied his right to a transfer, the claim must be DISMISSED because it is well-established that prisoners have no constitutional right to incarceration in a particular prison. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983). A prisoner's liberty interests are

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.JW\CR.06\Isgrigg7618_dwlta-2.wpd     3

sufficiently extinguished by his conviction that the state may generally confine or transfer him, or not transfer him in the case of plaintiff, to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. See <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530 (9th Cir. 1985) (citing <u>Meachum</u>, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and <u>Olim</u>, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)); see also <u>Stewart v. McManus</u>, 924 F.2d 138 (8th Cir. 1991) (no due process rights implicated in transfer from state to federal prison). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." <u>McKune v. Lile</u>, 536 U.S. 24, 39 (2002).

      b.    <u>Inhumane Conditions in ASU</u>

Plaintiff alludes to being confined in ASU "wrongfully [and] inhumanely." (Compl. 4.) The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. <u>Hudson</u>, 503 U.S. at 6-7. The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. <u>Farmer</u>, 511 U.S. at 832; <u>DeShaney v. Winnebago County Dep't of Social Servs.</u>, 489 U.S. 189, 199-200 (1989); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.JW\CR.06\Isgrigg7618_dwlta-2.wpd      4

1  prison official possesses a sufficiently culpable state of mind. <u>Farmer</u>, 511 U.S. at
2  834.
3        Plaintiff states only the he wants relief for the 365 days he spent in ASU
4  "wrongfully [and] inhumanely." Plaintiff will be given leave to amend the
5  complaint to include sufficient facts to support his claim and the alleged
6  constitutional violations he suffered in accordance with <u>Farmer</u>. 511 U.S. at 832.
7        Plaintiff must allege facts supporting his claim against each defendant
8  separately in his amended complaint showing his entitlement to relief from each
9  defendant. <u>See</u> <u>Leer</u>, 844 F.2d at 634. Plaintiff should list the constitutional right he
10 has, describe what the defendants did or failed to do, and describe how each
11 defendant's acts or omissions caused him injury. Plaintiff must be careful to allege
12 facts showing the basis for liability for each individual defendant. He should not
13 refer to the defendants as a group, i.e., "the defendants;" rather, he should identify
14 each involved defendant by name and link each of them to a specific claim by
15 explaining what each defendant did or failed to do that caused a violation of his
16 constitutional rights.
17     c.  <u>Defamation</u>
18       Plaintiff's claims that he is suffering from "immorality of personality
19 [sic]," "deprobation [sic] of character," and "slander of [his] name" may be attempts
20 to allege defamation of character. However, defamation alone does not state a
21 constitutional claim, even when done under color of state law. <u>See</u> <u>Paul v. Davis</u>,
22 424 U.S. at 701-710; <u>Rutledge v. Arizona Board of Regents</u>, 660 F.2d at 1353; <u>see</u>
23 <u>also</u> <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (no subject matter
24 jurisdiction over claim of slander by police officer because no violation of federal
25 right). Damage to reputation is not actionable under § 1983 unless it is accompanied
26 by "some more tangible interests." <u>See</u> <u>Paul v. Davis</u>, 424 U.S. at 701; <u>Patton v.</u>

County of Kings, 857 F.2d 1379, 1381 (9th Cir. 1988). To state a claim for defamation under § 1983, a plaintiff must allege loss of a constitutionally protected property or liberty interest in conjunction with the allegation of injury to reputation. See Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991) (citing Vanelli v. Reynolds Sch. Dist. No. 7, 667 F.2d 773, 777-78 (9th Cir. 1982)), aff'd on this ground on reh'g en banc, 963 F.2d 1220, 1235 n.6 (9th Cir.) (en banc), cert. denied, 506 U.S. 953 (1992). A cognizable claim is alleged where the injury to reputation caused the denial of a federally protected right. See id.; see, e.g., Stevens v. Rifkin, 608 F. Supp. 710, 726-27 (N.D. Cal. 1984) (where plaintiff alleged that prosecutor disseminated accusations to press in attempt to deprive plaintiff of his 6th Amendment right to impartial jury panel, this stated claim under § 1983). Or a cognizable claim is satisfied under § 1983 where injury to reputation was inflicted in connection with a federally protected right. See Cooper, 924 F.2d at 1532; see, e.g., Stevens, 608 F. Supp. at 727 (plaintiff stated proper claim under § 1983 where defamatory statements were made in connection with alleged unconstitutional arrest and prosecution).

Although plaintiff has not alleged the defamation was connected to, or resulted in the denial of, a federally protected constitutional right, this claim will be DISMISSED with leave to AMEND to state a cognizable defamation claim if he can do so in good faith. Plaintiff must provide supporting facts as to each defendant demonstrating the alleged constitutional violation connected with the alleged defamation.

### CONCLUSION

For the foregoing reasons,

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.JW\CR.06\Isgrigg7618_dwlta-2.wpd        6

Within **thirty (30) days** of the date this order is filed, plaintiff may file an SECOND AMENDED COMPLAINT using the court's form civil rights complaint. Plaintiff shall complete the form, and include in the caption both the case number of this action (No. C 06-07618 JW (PR)), and the phrase "**SECOND AMENDED COMPLAINT**."

    2.    The second amended complaint supersedes the initial complaint and first amended complaint and may not incorporate by reference any parts of those complaints; plaintiff must include in the second amended complaint all the allegations and claims he wishes to present. If plaintiff fails to timely file an amended complaint in conformity with this order, the complaint will be dismissed.

    3.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

    4.    The clerk shall enclose two copies of the court's form complaint, with instructions, with the copy of this order to plaintiff.

DATED:  March 19, 2008

*James Ware* (signature)
JAMES WARE
United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.JW\CR.06\Isgrigg7618_dwlta-2.wpd            7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD LAWRENCE ISGRIGG,

        Plaintiff,

  v.

CDC, et al.,

        Defendants.

Case Number: CV06-07618 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/20/2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Lawrence Isgrigg K78618
SVSP
P. O. Box 1050
Soledad, Ca 93960-1050

Dated: 3/20/2008

                                    Richard W. Wieking, Clerk
                                    /s/ By: Elizabeth Garcia, Deputy Clerk