**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD LAWRENCE ISGRIGG,  )
                    Plaintiff,  )
   vs.  )
CDC, et al.,  )
                    Defendant(s).  )

No. C 06-07618 JW (PR)

ORDER OF DISMISSAL

       Plaintiff, and inmate of Salinas Valley State Prison ("SVSP"), initiated a pro se civil rights action pursuant to 42 U.S.C. § 1983, by filing a letter to a judge of the Eastern District of California. The case was transferred to this court because SVSP is located within the venue of this district.

       The Court dismissed the complaint with leave to amend, directing plaintiff to present his claims in a proper formal pleading in accordance with the federal and local rules. Plaintiff filed a first amended petition which this Court dismissed with leave to amend to correct several deficiencies in the complaint. The Court provided plaintiff with the court's form for civil rights complaints for this purpose. Plaintiff was advised that the second amended complaint supersedes the first amended complaint and may not incorporate by reference any parts of the first amended

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.06\Isgrigg7618_dism-exh.wpd

complaint. On May 7, 2008, plaintiff filed a second amended complaint which is now before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement under § 1997e(a) is mandatory and not merely directory. Porter v. Nussle, 122 S. Ct. 983, 988 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, and whether they allege excessive force or some other wrong. Porter, 122 S. Ct. at 992.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.06\Isgrigg7618_dism-exh.wpd        2

face of the complaint and/or any attached exhibits.  See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir.), cert. denied, 124 S. Ct 50 (2003).  A concession to nonexhaustion is a valid ground for dismissal, provided no exception to exhaustion applies.  Id. at 1120.

      Here, it is obvious from the face of the second amended complaint that plaintiff has not exhausted his administrative remedies.  (Compl. 2.)  Plaintiff claims that he did not pursue administrative remedies because his grievances were "thrown away" and prison officials "would not process them."  (Id.)  Plaintiff did not pursue review at any of levels thereafter.  Plaintiff's conclusion that exhaustion would be futile does not excuse the exhaustion requirement.  See Booth, 532 U.S. at 741 n.6 (stating courts should not read "futility or other exceptions" into § 1997e(a)).  Rather, § 1997e(a) requires that plaintiff present his claims to each level of administrative review set forth above before raising those claims in a § 1983 complaint in federal court.  As it is clear from the complaint that plaintiff has not pursued all levels of administrative grievances available to him, and there is no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate.  Accordingly, this action is hereby DISMISSED, without prejudice to plaintiff's refiling his claim after all available administrative remedies have been exhausted.

      The Court notes that plaintiff has been addressing his motions and correspondent to the Honorable Judge Thelton B. Henderson.  However, Judge Henderson is not the presiding judge in this matter.  Plaintiff is directed to address any future correspondence and motions to this Court.

DATED: January 14, 2009

JAMES WARE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.06\Isgrigg7618_dism-exh.wpd     3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD LAWRENCE ISGRIGG,

        Plaintiff,

  v.

CDC, et al.,

        Defendants.

Case Number: CV06-07618 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/15/2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Lawrence Isgrigg K-78618
California State Prison - Sacramento
P. O. Box 290066
Represa, Ca 95671-0066

Dated: 1/15/2009

               Richard W. Wieking, Clerk
   /s/  By: Elizabeth Garcia, Deputy Clerk